Gary J. Greene, Esq. (ct09039)
GREENE LAW, P.C.
11 Talcott Notch Road
Farmington, CT 06032
860-676-1336 (t)
860-676-2250 (f)
service@greenelawpc.com

*Attorney for the Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

THOMAS ROARK, AUSTIN JOSE,
DREW ADAMES, BROOKLYN MAES,
ZACHARY FLEISHMAN,                                    Case No. _____

                      Plaintiffs,

v.

AMERICAN AIRLINES GROUP, INC.,              **COMPLAINT FOR DAMAGES**
ENVOY AVIATION GROUP, INC,                      **AND JURY DEMAND**
ENVOY AIR, INC., AND
JOSEPH FREEMAN

                      Defendants.                     October 23, 2024

_____

## INTRODUCTION

By gaining access to the personal information of passengers of one or more regional carriers under the global American Airlines Group, Inc. ("American Airlines") umbrella, for a period spanning over several months, Joseph Freeman ("Freeman") engaged in a campaign to terrorize countless individuals, including the five (5) known Plaintiffs herein.

The campaign was designed to induce overwhelming and debilitating fear and anxiety in the Plaintiffs by causing them to believe Freeman could, and would, appear without warning and harm and/or kill the Plaintiffs, their friends, and their families. Using social media and other means,

Freeman was able to create a dossier on the Plaintiffs and use their past trauma for his personal enjoyment. Freeman used communication methods such as phone calls, text messages and social media applications to relentlessly harass the Plaintiffs to the point where many now suffer from severe emotional distress.

## JURISDICTION AND VENUE

1.      Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.      Jurisdiction is also proper pursuant to 28 U.S.C. § 1332(a)(1) as the parties' citizenship is completely diverse.

3.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## THE PARTIES

### A.  Plaintiffs

4.      Thomas Roark ("Roark") is an individual residing in Avon, Connecticut.

5.      Austin Jose ("Jose") is an individual residing in Shelton, Connecticut.

6.      Drew Adames ("Adames") is an individual residing in Derby, Connecticut.

7.      Brooklyn Maes ("Maes") is an individual residing in Connecticut.

8.      Zachary Fleishman ("Fleishman") is an individual residing in Oxford, Connecticut.

### B.  Defendants

9.      Upon information and belief, Defendant, American Airlines Group, Inc. ("American Airlines"), is a Delaware corporation and has its principal place of business located in Irving, Texas.

10.     Upon information and belief, Defendant, Envoy Aviation Group, Inc. ("Envoy Group") is a Delaware corporation and has its principal place of business located in Irving, Texas.

2

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

11.    Upon information and information and belief, Defendant, Envoy Air, Inc., ("Envoy") is a Delaware corporation and has its principal place of business located in Irving, Texas.

12.    Upon information and belief, Envoy is a wholly owned subsidiary of Envoy Group.

13.    Upon information and belief, Envoy Group is a wholly owned subsidiary of American Airlines.

14.    Upon information and belief, American Airlines is a holding company for one or more subsidiaries which, in turn, own one or more of their own subsidiaries which offer commercial flights to the general public in certain regional territories (the "Regional Airlines").

15.    The Regional Airlines under the American Airlines banner and umbrella, including but not limited to Envoy, conduct flights nationally and internationally, including in and out of Connecticut Airports.

16.    These Regional Airlines, although separate and distinct entities, all operate under the banner and umbrella of American Airlines, utilizing the "American Airlines" name and likeness on the aircraft, tickets and other public materials.

17.    Upon information and belief, Defendant Joseph Freeman ("Freeman") is an individual residing in Los Angeles, California and, in or around 2022, was an agent, contractor or employee of either Envoy or Envoy Group or American Airlines.

## STATEMENT OF RELEVANT FACTS

### A.  General Facts

18.    Each of the Plaintiffs were passengers on commercial flights operated by one of the Regional Airlines.

3

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

19.     Following their flights, each of the Plaintiffs began receiving disturbing and/or threatening communications from Freeman as hereinafter generally described, but which is in no way reflective of the totality of Freeman's actions nor the consequences thereof.

**B.  <u>Thomas Roark</u>**

20.     Commencing in or around September 2022, Freeman began bombarding Roark with phone calls, text messages and social media communications.

21.     Freeman's communications often involved baseless accusations that Roark committed heinous crimes and made extremely disparaging remarks against Roark. Freeman's comments were flooded with hate speech.

22.     Freeman made comments which confirmed he knew generally where Roark resided. Freeman threatened to tell such untruths to Roark's colleagues and business contacts in an effort to ruin his business. Freeman also sent media messages from the inside of one or more aircraft.

23.     In or around January 2023, the harassment of Roark by Freeman escalated to threats against Roark's parents and other family members. Freeman, through unknown technological methods, would "mask" his phone number to impersonate the number of Roark, contact Roark's family, and threaten to "pay them a visit" in Connecticut.

24.     Freeman's threats against Roark further escalated with additional threats to contact Roark's employer and claim Roark committed certain heinous crimes. Freeman managed to obtain the names and numbers of some of Roark's business clients and began disparaging Roark to those individuals.

25.     Roark was forced to discuss and defend himself against these allegations and disparaging statements to his employer and clients.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

**C.  Austin Jose**

26.     Commencing in August 2022, Freeman began bombarding Jose with phone calls, text messages and social media communications.

27.     Freeman's communications often involved baseless accusations that Jose committed heinous crimes and made extremely disparaging remarks against Roark. Freeman's comments were flooded with hate speech.

28.     Freeman escalated to threats against Jose, his family and friends. Freeman, through unknown technological methods, would "mask" his phone number to impersonate the number of Jose, contact Jose's family and their employers, and threaten to get them fired.

29.     Freeman sent videos and other messages to demonstrate to Jose that other individuals have attempted to stop his threatening actions and would be unsuccessful because no one knows where he (Freeman) lives.

30.     In addition, Freeman sent messages indicating he knew of Jose's other travel arrangements.

31.     Freeman's actions have impacted Jose's business, earning capacity, quality of life and mental health.

**D.  Zachary Fleishman**

32.     Commencing in or around March 2023, Freeman began bombarding Fleishman with phone calls, text messages and social media communications.

33.     Freeman's communications often involved baseless accusations that Fleishman committed heinous crimes and made extremely disparaging remarks against Fleishman. Freeman's comments were flooded with hate speech.

34.     Freeman, through unknown technological methods, would "mask" his phone number to impersonate the number of Fleishman, contact Fleishman's family and friends, and engage in hate speech, accuse Fleishman of heinous crimes, and engaged in harassing behavior.

**E.  Brooklyn Maes**

35.     Commencing in or around January 2023, Freeman began bombarding Maes with phone calls, text messages and social media communications.

36.     During a personal trip, Maes and her boyfriend were required to change airlines. During one of the communications, Freeman inquired why Maes had not boarded her original flight, demonstrating he had access to her travel arrangements. During subsequent communications, Freeman was able to identify specific details of Maes' travel arrangements.

37.     Freeman, through unknown technological methods, would "mask" his phone number to impersonate the number of Maes' contacts in order to contact Maes.

38.     Freeman's communications often involved baseless accusations that Maes committed heinous crimes and made extremely disparaging remarks against Maes. Freeman's comments were flooded with hate speech.

39.     During another communication, Freeman made it known that he knew Maes' father is a law enforcement officer. Freeman made statements indicating his disdain for law enforcement, and stated he hoped Maes and her family would be murdered during one of their trips.

**F.  Drew Adames**

40.     Commencing in or around May 2023, Freeman began bombarding Adames with phone calls and text messages.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

41.     Freeman's communications often involved baseless accusations that Adames committed heinous crimes and made extremely disparaging remarks against Adames. Freeman's comments were flooded with hate speech.

42.     Freeman's communications development into sexual harassment insofar as he began asking Adams for sexually intimate photos and suggesting they both engage in sexual conduct.

43.     Freeman, through unknown technological methods, would "mask" his phone number to impersonate the number of Adams, contact Adams' family and friends, and engage in hate speech, accuse Adams of heinous crimes, and engaged in harassing behavior.

## FIRST CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (AS TO FREEMAN)

44.     Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained above as if more fully set forth herein.

45.     Freeman's actions of harassing and intimidating the Plaintiffs, as described above, created a foreseeable and unreasonable risk of causing Plaintiffs emotional distress.

46.     The distress caused to the Plaintiffs by Freeman's actions of harassing and intimidating the Plaintiffs, as described above, was severe enough that it might, and in fact did, result in illness, bodily harm, mental and emotional anguish.

47.     Freeman's actions of harassing and intimidating the Plaintiffs, as described above, have caused Plaintiffs severe emotional distress, which has then negatively impacted, *inter alia*, their quality of life, earning capacities and business opportunities.

48.     Freeman's actions of harassing and intimidating the Plaintiffs, as described above, are the direct and proximate cause of Plaintiffs' emotional distress.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

49.    As a result of the emotional distress suffered at the hands of Freeman, Plaintiffs claim damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS TO FREEMAN)

50.    Plaintiffs hereby re-allege and incorporated by reference each and every allegation contained in paragraphs 1-76 above as if more fully set forth herein.

51.    Freeman's actions of harassing and intimidating the Plaintiffs, as described above, were intentional and designed to inflict emotional distress upon the Plaintiffs.

52.    Freeman knew or should have known that his actions, as described above, would inflict severe emotional distress upon the Plaintiffs.

53.    Freeman's actions of harassing and intimidating the Plaintiffs, as described above, have caused Plaintiffs severe emotional distress, which has then negatively impacted, *inter alia*, their quality of life, earning capacities and business opportunities.

54.    Freeman's actions of harassing and intimidating the Plaintiffs, as described above, were extreme and outrageous, and were the direct and proximate cause of Plaintiffs' distress.

55.    As a result of the emotional distress suffered at the hands of Freeman, Plaintiffs claim damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## TEMPORARY AND PERMANENT INJUNCTION (AS TO FREEMAN)

56.    Plaintiffs hereby re-allege and incorporated by reference each and every allegation contained in paragraphs 1-78 above as if more fully set forth herein.

57.    Plaintiffs seek a temporary and permanent injunction precluding Freeman from contacting them by any and all means or modes of communication, including but not limited to phone, text message, email, letter and by the use of social media platforms.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

**FOURTH CAUSE OF ACTION**
**NEGLIGENT HIRING, SUPERVISION AND RETENTION**
**(AS TO ENVOY AIR, INC., ENVOY AVIATION GROUP, INC. AND**
**AMERICAN AIRLINES GROUP, INC.)**

58.     Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained in paragraphs 1-57 above as if more fully set forth herein.

59.     American Airlines, Envoy and Envoy Group are common carriers offering transportation services both nationally and internationally to the general public.

60.     American Airlines, Envoy and Envoy Group owed a duty of care to their passengers, including the Plaintiffs herein, when hiring, supervising, evaluating and retaining employees, including Freeman, to timely, adequately and appropriately investigate, heed and act on all reasonable suggestions and information that their employees had the propensity to, and/or had actually, harassed passengers in the course of their employment and/or agency relationship with the corporate Defendants.

61.     American Airlines, Envoy and/or Envoy Group owed a duty of care to their passengers, including the Plaintiffs herein, to take steps to prohibit Freeman from harassing their passengers, including the Plaintiffs.

62.     Upon information and belief, the Plaintiffs are not the first victims to be harassed by Freeman by virtue of his employment by American Airlines, Envoy and/or Envoy Group.

63.     American Airlines, Envoy and/or Envoy Group were individually and collectively negligent in one or more of the following ways:

   a.   In that they failed to properly screen potential employees prior to hiring;

   b.   In that they failed to properly supervise Freeman to ensure he did not access passenger information that he was not authorized or required to access;

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

    c.   In that they failed to properly supervise Freeman to ensure he did not threaten or harass their passengers, such as the Plaintiffs;

    d.   In that they failed to terminate Freeman once his tortious actions became known; and

    e.   In that they failed to take advantage of any and all civil and criminal remedies available to them against Freeman on behalf of the Plaintiffs.

64.    The actions of American Airlines, Envoy and/or Envoy Group, as described above, allowed Freeman to terrorize the Plaintiffs while they were traveling using the Regional Airlines and while they were in Connecticut.

65.    As a result of the above, Plaintiffs claim damages for, *inter alia*, their emotional distress, loss of income and loss of business opportunity.

**FIFTH CAUSE OF ACTION**
**NEGLIGENCE (AS TO ENVOY AIR, INC., ENVOY AVIATION GROUP, INC. AND**
**AMERICAN AIRLINES GROUP, INC.)**

66.    Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained in paragraphs 1-57 above as if more fully set forth herein.

67.    American Airlines, Envoy and Envoy Group are common carriers offering transportation services both nationally and internationally to the general public.

68.    American Airlines, Envoy and Envoy Group owed a duty of care to their passengers, including the Plaintiffs herein, when hiring, supervising, evaluating and retaining employees, including Freeman, to timely, adequately and appropriately investigate, heed and act on all reasonable suggestions and information that their employees had the propensity to, and/or had actually, harassed passengers in the course of their employment and/or agency relationship with the corporate Defendants.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

69.     American Airlines, Envoy and/or Envoy Group owed a duty of care to their passengers, including the Plaintiffs herein, to take steps to prohibit Freeman from harassing their passengers, including the Plaintiffs.

70.     Upon information and belief, the Plaintiffs are not the first victims to be harassed by Freeman by virtue of his employment by American Airlines, Envoy and/or Envoy Group.

71.     American Airlines, Envoy and/or Envoy Group breached their non-delegable duty of care owed to the Plaintiffs, and were individually and collectively negligent in one or more of the following ways:

      f.   In that they failed to either develop and/or enforce appropriate policies, procedures and/or standards to properly vet prospective agents, contractors and/or employees;

      g.   In that they failed to develop, maintain and/or enforce appropriate polices, systems, procedures and/or standards governing the access of passenger information from their electronic systems by agents, contractors and/or employees;

      h.   In that they failed to develop, maintain and/or enforce appropriate policies, systems, procedures and/or standards governing the monitoring and restriction of agent, contractor and/or employee access to passenger information from their electronic systems;

      i.   In that they failed to properly train and/or supervise their agents, contractors and/or employees in proper treatment of, and communication with, their passengers; and

      j.   In that they failed to exercise reasonable care and take commercially reasonable steps to protect their passengers from the actions of Freeman.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

72.    The actions of American Airlines, Envoy and/or Envoy Group, as described above, allowed Freeman to terrorize the Plaintiffs while they were traveling using the Regional Airlines and while they were in Connecticut.

73.    As a result of the above, Plaintiffs claim damages for, *inter alia*, their emotional distress, loss of income and loss of business opportunity.

## SIXTH CAUSE OF ACTION
## RESPONDEAT SUPERIOR (AS TO ENVOY AIR, INC.,
## ENVOY AVIATION GROUP, INC. AND AMERICAN AIRLINES GROUP, INC.)

74.    Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained in paragraphs 1-57 above as if more fully set forth herein.

75.    At all relevant times hereto, Freeman was acting in the course and scope of his employment and/or agency with American Airlines, Envoy and/or Envoy Group.

76.    Freeman took advantage of his position as an employee and/or agent of American Airlines, Envoy and/or Envoy Group to gain access to confidential contact information of the Plaintiffs with the intent to harass them and to cause them emotional distress.

77.    Freeman's actions, described above, regularly took place at locations owned, operated and/or controlled by American Airlines, Envoy and/or Envoy Group, and while Plaintiffs were traveling using the Regional Airlines and while they were in Connecticut.

78.    As the employer/principal for Freeman, American Airlines, Envoy and/or Envoy Group are vicariously liable for the actions of Freeman within the course and scope of his employment/agency.

79.    As a result of the above, Plaintiffs claim damages for, inter alia, their emotional distress, loss of income and loss of business opportunity.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

## SEVENTH CAUSE OF ACTION
## GROSS NEGLIGENCE (AS TO ALL DEFENDANTS)

80.     Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained in paragraphs 1-79 above as if more fully set forth herein.

81.     The actions of the Defendants, as described above, took place while Plaintiffs were traveling using the Regional Airlines and while they were in Connecticut.

82.     Each of the Plaintiffs are "Claimants" as that term is defined in Tex. Civ. Prac. & Rem. Code § 41.001.

83.     The actions of the Defendants, described *supra*, constitute "gross negligence" as that term is defined in Tex. Civ. Prac. & Rem. Code § 41.001.

84.     As a direct and proximate result of the actions of the Defendants, Plaintiffs have suffered economic and noneconomic losses, and will likely suffer additional losses in the future.

85.     Plaintiffs claim exemplary damages in accordance with Tex. Civ. Prac. & Rem. Code § 41.001 et seq.

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray judgment against Defendants as hereinafter set forth:

1.      For all actual, consequential, statutory, compensatory, punitive and general damages in an amount to be determined at trial;

2.      Prejudgment interest;

3.      For temporary and permanent injunctive relief;

4.      For reasonable attorney's fees;

5.      For costs; and

6.      For all such other and further relief as the Court may deem just, proper and appropriate.


DATED: October 23, 2024                          **GREENE LAW, P.C.**


By:      */s/ Gary J. Greene*_____
          GARY J. GREENE (ct09039)
          *Attorney for the Plaintiffs*

**Greene Law, P.C.** | 11 Talcott Notch Road | Farmington, CT 06032
Tel: 860-676-1336 | Fax: 860-676-2250 | E-Service: service@greenelawpc.com