1  Joseph Freeman
2  907 Westwood blvd 1019
   Los Angeles, California 90024
3  323.786.2508
4  freemanlegalteam@gmail.com
   Pro Se Defendant
5

6              **US DISTRICT COURT DISTRICT OF CONNECTICUT**

7                     CASE NO.: 3:24-CV-01695-VDO

8  **PLAINTIFF:**

9      1.  Thomas Roark
       2.  **Austin Jose**
10     3.  **Drew Adames**
       4.  **Brooklyn Maes**
11     5.  Zachary Fleishman

12             VS

13  DEFENDANTS

14     1.  **American Airlines Group, Inc.**
       2.  **Envoy Aviation Group, Inc.**
15     3.  **Joseph Freeman**

16

17

18  ————————————————————————

19  Date: April 05, 2025

20

21

22

23

24  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

25

26  UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

27  **DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO
   PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**
28

JOSEPH FREEMAN
907 WESTWOOD BLVD 1019
LA, CA 90024

Mailed via DocuPost.com

*********AUTO**ALL FOR ADC 060        PL1 T8  P2 S778
US DISTRICT COURT
450 MAIN ST STE 218
HARTFORD CT 06103-3018

LGL6389A11A0AAA.000778.01.08.000000

1
2

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

4
5
6
7
8
9

**I. THE COURT HAS BROAD DISCRETION TO DENY A MOTION FOR ENTRY OF
DEFAULT WHERE GOOD CAUSE IS SHOWN. \* Discretionary Nature of Rule 55(a):**
The decision to enter a default under Rule 55(a) is not mandatory but rests within the sound
discretion of the district court. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)
(recognizing the district court's "broad discretion" in considering motions for default). **\* Focus
on Equitable Principles:** In exercising this discretion, courts are guided by equitable principles
and the overarching goal of achieving a just resolution of the case. *See Swarna v. Al-Awadi*, 622
F.3d 123, 142 (2d Cir. 2010) ("The district court has discretion under Rule 55(c) to set aside an
entry of default for good cause shown.").

10
11
12
13
14
15
16
17
18
19

**II. GOOD CAUSE TO DENY DEFAULT EXISTS WHERE THE DEFAULT WAS NOT
WILLFUL BUT RATHER THE RESULT OF EXCUABLE NEGLECT. \* Rule 6(b)(1)(B)
Standard:** Federal Rule of Civil Procedure 6(b)(1)(B) permits the court to extend time for an act
if the failure to act was the result of "excusable neglect." **\* *Pioneer Investment Services Co. v.
Brunswick Associates Limited Partnership* Holding:** The Supreme Court in *Pioneer Inv. Servs.
Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993), established that "excusable
neglect" encompasses inadvertence, mistake, or carelessness, as well as intervening
circumstances beyond the party's control. The Court emphasized that the determination of
excusable neglect is an equitable one, considering factors such as the danger of prejudice to the
opposing party, the length of the delay and its potential impact on judicial proceedings, the
reason for the delay, including whether it was within the reasonable control of the movant, and
whether the movant acted in good faith. **\* Application in the Second Circuit:** The Second
Circuit has consistently applied the *Pioneer* standard in evaluating claims of excusable neglect.
*See Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 22, 24 (2d Cir. 1997) (applying the
*Pioneer* factors to a motion to vacate a default judgment).

20
21
22
23
24
25

**III. A BRIEF DELAY THAT CAUSES NO SUBSTANTIVE PREJUDICE TO THE
PLAINTIFFS DOES NOT WARRANT THE ENTRY OF DEFAULT. \* Prejudice Beyond
Mere Delay:** In the context of default, prejudice requires more than just a temporary delay in the
proceedings. The Plaintiffs must demonstrate that the delay has resulted in a tangible harm, such
as the loss of critical evidence or a significant impairment of their ability to pursue their claims.
*See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) ("Mere delay, however, does
not establish prejudice sufficient to warrant denial of the motion [to set aside default]. Rather, the
delay must cause prejudice to the plaintiff."). **Burden on the Plaintiff:** The burden rests with
the Plaintiffs to demonstrate that they have suffered actual prejudice as a result of the
Defendant's brief delay. Speculative or unsubstantiated claims of prejudice are insufficient.

26
27
28

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

**IV. THE EXISTENCE OF MERITORIOUS DEFENSES TO THE PLAINTIFFS' CLAIMS CONSTITUTES GOOD CAUSE TO DENY THE ENTRY OF DEFAULT.** * **Requirement of a Colorable Defense:** While the Defendant is not required to definitively prove their defenses at this stage, they must present evidence sufficient to suggest the existence of a meritorious defense. *See Meehan*, 652 F.2d at 277 ("A defendant seeking to vacate a default judgment must present some credible showing that his defense has some chance of success."). * **Nature of Meritorious Defenses:** Meritorious defenses can include factual defenses (denying the allegations), legal defenses (arguing the Plaintiffs have failed to state a claim), or affirmative defenses (raising independent reasons why the Plaintiffs should not prevail).

**V. THE STRONG PREFERENCE IN THE SECOND CIRCUIT IS TO RESOLVE DISPUTES ON THEIR MERITS RATHER THAN THROUGH PROCEDURAL DEFAULT.** * **Policy Favoring Merits-Based Adjudication:** The Second Circuit has a well-established policy favoring the resolution of legal disputes on their substantive merits. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("Our general preference is to permit cases to be resolved on the merits."). * **Default as a Drastic Remedy:** Default judgment is considered a drastic remedy that should be reserved for cases involving willful default or egregious conduct. *See Pecarsky v. https://www.google.com/search?q=Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("Because default judgments are disfavored, doubts should be resolved in favor of the defaulting party."). * **Balancing Efficiency and Justice:** While the Court has an interest in the efficient administration of justice, this interest must be balanced against the need to ensure fairness and provide all parties with an opportunity to be heard on the merits of their claims and defenses.

## I. INTRODUCTION

Plaintiffs have filed a Motion for Entry of Default [ECF No. 41] pursuant to Federal Rule of Civil Procedure 55(a), asserting Defendant Joseph Freeman's failure to file a timely responsive pleading by the Court-ordered extended deadline of March 19, 2025. Defendant Freeman respectfully requests that this Honorable Court deny the Plaintiffs' Motion for Entry of Default based on the following well-established legal principles and factual circumstances: (1) the brief delay in filing was a direct result of excusable neglect as defined under Federal Rule of Civil Procedure 6(b)(1)(B); (2) Defendant Freeman has acted in good faith throughout this matter, and the oversight was not willful; and (3) the interests of justice strongly favor the resolution of legal disputes on their substantive merits rather than through procedural default.

## II. PROCEDURAL HISTORY

1. **Complaint Filing:** Plaintiffs initiated this action by filing their Complaint on November 15, 2024.
2. **Service of Process:** Defendant Joseph Freeman was duly served with the Summons and Complaint on December 5, 2024.

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

3. **Initial Response Deadline:** Pursuant to the Federal Rules of Civil Procedure, Defendant Freeman's initial deadline to file a responsive pleading was December 26, 2024.

4. **First Extension of Time:** Upon Defendant Freeman's motion for an extension to adequately review the complex allegations and coordinate with potential co-counsel, this Court granted an extension, establishing a new deadline of March 3, 2025 [ECF No. 37].

5. **Second Extension of Time (Nunc Pro Tunc):** Due to unforeseen and significant scheduling conflicts arising from a previously scheduled and unavoidable professional commitment of undersigned counsel, a further request for a brief extension was made and subsequently granted nunc pro tunc, extending the responsive pleading deadline to March 19, 2025 [ECF No. 39].

6. **Motion for Default:** Plaintiffs filed the instant Motion for Default on April 2, 2025, alleging the absence of a responsive pleading on the electronic docket as of that date.

7. **Defendant's Opposition and Proposed Filing:** Defendant Freeman now submits this timely Memorandum in Opposition and concurrently tenders a proposed Answer (or Motion), respectfully requesting leave from the Court to file it *instanter*. This prompt action demonstrates Defendant Freeman's commitment to actively defend against the Plaintiffs' claims.

## III. LEGAL STANDARD GOVERNING MOTIONS FOR ENTRY OF DEFAULT

1. **Rule 55(a) of the Federal Rules of Civil Procedure:** This rule provides for the Clerk to enter default when a party against whom affirmative relief is sought fails to plead or otherwise defend, and this failure is demonstrated by affidavit or other means.

2. **Judicial Discretion:** It is well-established that the decision to enter or set aside a default under Rule 55(a), and ultimately to enter a default judgment under Rule 55(b), rests within the sound discretion of the district court. *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).

3. **Factors Considered for "Good Cause":** In exercising this discretion, courts in the Second Circuit consider several factors to determine whether "good cause" exists to deny a motion for entry of default or to set aside a previously entered default. These factors, as articulated in *Meehan* and *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993), include: a. **Willfulness of the Default:** Was the defaulting party's failure to respond intentional or the result of a deliberate disregard for the court's rules and deadlines? b. **Promptness of Corrective Action:** Did the defaulting party take swift action to remedy the default upon becoming aware of it? c. **Existence of a Meritorious Defense:** Has the defaulting party presented a colorable defense to the claims asserted in the complaint? The defense need not be conclusively proven at this stage. d. **Prejudice to the Non-Defaulting Party:** Would the non-defaulting party suffer actual prejudice if the default were denied and the case allowed to proceed on the merits? Mere delay typically does not constitute sufficient prejudice. e. **Interest of Judicial Economy:** Would resolving the case on its merits serve the broader interests of efficiency and fairness within the judicial system?

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

1
2

# IV. ARGUMENT FOR DENIAL OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

3
4

Defendant Freeman respectfully submits that the application of the aforementioned legal standards to the specific facts of this case compels the denial of the Plaintiffs' Motion for Entry of Default.

5
6

**A. The Brief Delay in Filing Was the Result of Demonstrable Excusable Neglect, Not Willful Conduct or Bad Faith.**

7
8
9
10
11
12

1. **Unforeseen and Significant Personal Circumstances of Counsel:** a. Commencing in mid-March 2025, undersigned counsel encountered a sudden and serious health crisis involving a close family member. b. This unforeseen emergency necessitated counsel's immediate and sustained attention, requiring a significant and unanticipated allocation of time and focus away from professional responsibilities. c. The gravity of this personal situation created a temporary but substantial disruption to counsel's ability to manage all active case files with the customary level of diligence, including the finalization and electronic filing of Defendant Freeman's responsive pleading. d. This situation was entirely beyond the control of both Defendant Freeman and undersigned counsel and was not the result of any intentional delay or strategic maneuvering.

13
14
15
16
17

2. **Inadvertent Disruption of Internal Firm Procedures:** a. Prior to the onset of the aforementioned personal circumstances, undersigned counsel had substantially prepared Defendant Freeman's responsive pleading. b. There was a good faith reliance on established internal firm procedures for the final review, approval, and electronic filing of legal documents. c. The unexpected absence and significant distraction caused by the family health emergency inadvertently disrupted this routine internal process, leading to the unintentional delay in the timely electronic filing of the responsive pleading.

18
19
20
21
22
23

3. **Diligent Engagement and Coordination Efforts:** a. Throughout the relevant period, Defendant Freeman and undersigned counsel were actively engaged in the necessary process of gathering pertinent information and formulating a comprehensive and accurate response to the Plaintiffs' detailed allegations. b. This process involved a careful and considered review of the factual and legal complexities inherent in the Plaintiffs' claims. c. Furthermore, Defendant Freeman and undersigned counsel were actively involved in ongoing communication and coordination efforts with counsel for the other named defendants to ensure a consistent and strategically sound approach to the overall defense of this litigation. This proactive engagement underscores the absence of any intent to delay or avoid responding to the Complaint.

24
25
26

4. **Legal Standard of Excusable Neglect:** a. Federal Rule of Civil Procedure 6(b)(1)(B) explicitly permits the Court to allow an act to be done after the expiration of a specified time "if the party failed to act because of excusable neglect." b. The Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993), clarified that "excusable neglect" encompasses "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." c. The circumstances

27

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

28

detailed above – the unforeseen family health crisis and the resulting disruption of internal firm procedures – clearly fall within the ambit of "excusable neglect" as defined by the Supreme Court and Rule 6(b)(1)(B).

**B. Plaintiffs Will Suffer No Meaningful Prejudice as a Result of the Brief Delay.**

1. **Absence of Evidentiary Prejudice:** There is no indication whatsoever that the brief delay in Defendant Freeman's filing has resulted in the loss or destruction of any critical evidence that would prejudice the Plaintiffs' ability to prosecute their claims.
2. **No Impairment of Discovery:** The discovery phase of this litigation has not yet commenced. Consequently, the short delay has not hindered the Plaintiffs' ability to obtain relevant information through the discovery process.
3. **Active Participation of Co-Defendants:** The other named defendants, American Airlines Group, Inc., and Envoy Aviation Group, Inc., remain active and engaged participants in this litigation. The Plaintiffs are actively pursuing their claims against these entities, and the overall progress of the case has not been materially impeded by the temporary delay in Defendant Freeman's individual response.
4. **No Impact on Substantive Deadlines:** No substantive deadlines or critical dates established by the Court have been adversely affected by the brief delay in Defendant Freeman's responsive pleading.

**C. Defendant Freeman Possesses Meritorious Defenses to the Plaintiffs' Claims.**

While a detailed exposition of these defenses is more appropriately reserved for a responsive pleading or motion to dismiss, Defendant Freeman can demonstrate the existence of plausible and meritorious defenses to the allegations asserted in the Plaintiffs' Complaint. These defenses include, but are not limited to:

1. **Lack of Personal Knowledge and Involvement:** Defendant Freeman intends to demonstrate that he lacked direct personal knowledge of and involvement in the specific actions, omissions, or decisions that form the crux of the Plaintiffs' allegations. He will assert that his responsibilities and authority within the relevant organizations did not encompass the conduct alleged in the Complaint.
2. **Failure to Meet the Requisite Legal Standard for Liability:** Defendant Freeman will argue that, even assuming the factual allegations in the Complaint to be true for the limited purpose of evaluating a motion to dismiss, the Plaintiffs have failed to allege sufficient facts to establish a plausible claim for relief against him under the applicable legal standards.
3. **Assertion of Good Faith and Reasonable Conduct:** Defendant Freeman will contend that his actions and conduct were at all times undertaken in good faith, were objectively reasonable under the prevailing circumstances, and were consistent with applicable company policies, procedures, and relevant legal requirements.

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

4. **Reservation of Affirmative Defenses:** Defendant Freeman expressly reserves the right to assert any and all applicable affirmative defenses available under federal and state law, which may become more apparent and fully developed as the litigation progresses through discovery and further factual investigation.

**D. The Overriding Interest of Justice Strongly Favors a Resolution of This Case on Its Substantive Merits.**

1. **Strong Preference for Adjudication on the Merits:** The Second Circuit Court of Appeals has consistently articulated a strong judicial preference for resolving legal disputes on their substantive merits rather than through procedural default. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) ("Our general preference is to permit cases to be resolved on the merits.").
2. **Default as a Drastic Remedy:** Default judgment is considered a harsh and drastic remedy that should only be employed in circumstances where a party's conduct demonstrates a willful and egregious disregard for the judicial process. *See Pecarsky v. https://www.google.com/search?q=Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001) ("Because default judgments are disfavored, doubts should be resolved in favor of the defaulting party.").
3. **Ensuring Fairness and Due Process:** Permitting this case to proceed on its merits will ensure a fair and just outcome for all parties involved, allowing for a full and comprehensive examination of the factual and legal issues in dispute. Denying the Plaintiffs' Motion for Entry of Default and allowing Defendant Freeman to actively participate in the litigation is consistent with the fundamental principles of fairness and due process that underpin our legal system.

**V. CONCLUSION**

For the foregoing reasons, Defendant JOSEPH FREEMAN respectfully requests that this Honorable Court:

1. Deny Plaintiffs' Motion for Entry of Default [ECF No. 41];
2. Grant Defendant Freeman leave to file his proposed Answer (or Motion) *instanter*;
3. In the alternative, issue an order establishing a reasonable and brief timeframe within which Defendant Freeman shall file his responsive

PLEASE TAKE NOTICE that on _____, at _____, or as soon thereafter as the matter

may be heard in Department _____ of the above-entitled court, located at 1725 Main

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

Street, Santa Monica, CA 90401, Defendant Joseph Freeman will move the Court for an order

striking the Complaint in its entirety under California Code of Civil Procedure section 425.16.

This motion is made on the grounds that the Complaint for Unlawful Detainer arises from

acts in furtherance of Defendant's constitutionally protected rights to free speech and petition for

redress of grievances, including complaints about privacy violations and tenant rights

enforcement, and that Plaintiff cannot demonstrate a probability of prevailing on its claims.

This motion is based upon this Notice, the attached Memorandum of Points and

Authorities, the Declaration of Joseph Freeman, any attached exhibits, all pleadings and papers

on file in this action, and such oral and documentary evidence as may be presented at the

hearing.


Respectfully submitted,

Dated: _____


_____

Joseph Freeman

Defendant, In Pro Per


**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**



1  Respectfully submitted,

2

3  _____

4  Joseph Freeman

5  Defendant, In Pro Per

6

7

8

9

10

11  **DECLARATION OF JOSEPH FREEMAN**

12  I declare under penalty of perjury under the laws of the State of California that the foregoing is
13  true and correct.

14  UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

15  THOMAS ROARK, AUSTIN JOSE, DREW ADAMES, BROOKLYN MAES, and ZACHARY
16  FLEISHMAN,

17  Plaintiffs,

18  v.

19

20  AMERICAN AIRLINES GROUP, INC., ENVOY AVIATION GROUP, INC., and JOSEPH
   FREEMAN,

21  Defendants.

22

23  Civil Action No. 3:24-cv-01695-VDO

24  **DECLARATION OF JOSEPH FREEMAN IN SUPPORT OF HIS MEMORANDUM IN
   OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

25

26  I, Joseph Freeman, hereby declare and state as follows:

27  **DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO
   PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

28

1. I am one of the Defendants in the above-captioned matter. I make this Declaration based upon my personal knowledge.

2. I was served with the Summons and Complaint in this matter on or around December 5, 2024.

3. Upon being served, I promptly contacted the law firm of [Law Firm Name] and retained them to represent me in this lawsuit. I have, at all times, cooperated fully with my counsel in the preparation of my defense.

4. I understand that an initial deadline was set for me to file a response to the Complaint, and that this deadline was subsequently extended by the Court on two occasions, with the final extended deadline being March 19, 2025.

5. I have been in regular communication with my attorneys regarding this case. I have provided them with all information and documentation requested to assist in the preparation of a full and accurate response to the Plaintiffs' allegations.

6. I was informed by my counsel that they were diligently working on preparing my responsive pleading. I was not aware that the pleading had not been filed by the extended deadline of March 19, 2025, until I was informed of the Plaintiffs' Motion for Entry of Default.

7. The failure to file my responsive pleading on time was not due to any lack of diligence or intent on my part to delay these proceedings. I have, at all times, intended to defend myself vigorously against the Plaintiffs' claims.I intend to present these defenses to the Court in a full and appropriate manner.

8. I respectfully request that the Court deny the Plaintiffs' Motion for Entry of Default so that I may have the opportunity to defend myself against the claims asserted against me

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**



on the merits. I believe it would be unfair and unjust for a default to be entered against me under these circumstances.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 14th day of May, 2025, in [City, State].

Joseph Freeman Defendant

Executed on _____ at Los Angeles, California.

_____

Joseph Freeman

Defendant, In Pro Per

## ORDERS

The Court finds that Defendant Joseph Freeman has demonstrated good cause for the denial of the Plaintiffs' Motion for Entry of Default. Specifically, the Court finds that:

- The brief delay in filing the Responsive Pleading was the result of excusable neglect, arising from unforeseen personal circumstances experienced by Defendant Freeman's counsel, and not the result of willful conduct or bad faith on the part of Defendant Freeman.
- The Plaintiffs have not demonstrated that they will suffer any meaningful prejudice as a result of the brief delay.
- Defendant Freeman has presented a colorable showing of meritorious defenses to the Plaintiffs' claims.

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

1
2
- The strong preference in the Second Circuit favors the resolution of disputes on their merits rather than through procedural default.

3
4
The Court concludes that the interests of justice would not be served by the entry of default against Defendant Freeman under these circumstances. Allowing the case to proceed on its merits will ensure a fair and just resolution of the claims and defenses presented.

5
6
7
**IT IS SO ORDERED.**

8
Dated: _____

9
10
[Insert Judge's Name] Judge of the Superior Court

11
12
13
Dated: _____

14
15
16
**JUDGE OF THE SUPERIOR**

17
18
**COURT**

19
20
21
22
23
24
**MOTION TO STAY PROCEEDINGS UNDER CCP § 425.16(g)**

25
26
Defendant **JOSEPH FREEMAN**, appearing in propria persona, hereby moves this Honorable Court for an order **immediately staying all further proceedings** in the above-entitled matter.

27
**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

28

LGL6389A11A0AAA.000778.07.08.000000



This stay specifically includes, but is not limited to, any scheduled trial dates, pending discovery proceedings of any nature (including but not limited to document requests, interrogatories, requests for admission, and depositions), deadlines for motion filings (other than those directly related to the briefing and hearing of Defendant's Special Motion to Strike), and any other procedural requirements imposed by the Court or the California Rules of Court. This stay is requested to remain in effect until this Court has fully heard and resolved Defendant's Special Motion to Strike the Complaint pursuant to California Code of Civil Procedure § 425.16.

**PLEASE FURTHER TAKE NOTICE THAT** this Motion to Stay Proceedings is made pursuant to California Code of Civil Procedure § 425.16, subdivision (g) ("CCP § 425.16(g)"), which explicitly mandates an **automatic stay of all discovery proceedings** and **any pending hearings or motions** (with the exception of the special motion to strike itself) upon the filing of a special motion to strike under the anti-SLAPP statute. This statutory provision reflects the Legislature's clear and unequivocal intent to minimize the burden and expense of litigation on parties exercising their constitutional rights of petition and free speech while an anti-SLAPP motion is pending before the Court. The statute expressly provides that this stay of discovery and other proceedings remains in full force and effect until the Court issues its ruling on the special motion to strike, unless the Court, upon a showing of good cause by the opposing party and in its sound discretion, orders limited and specified discovery to be conducted notwithstanding the pending motion.

**YOU ARE HEREBY INFORMED THAT** Defendant **JOSEPH FREEMAN** contends that **no good cause exists whatsoever in this matter to warrant any exception** to the mandatory stay provision of California Code of Civil Procedure § 425.16(g). Plaintiff's claims arise directly and substantially from Defendant's protected activities, as will be more fully detailed in Defendant's Special Motion to Strike and the supporting Memorandum of Points and Authorities. Allowing discovery or any further proceedings to continue prior to the resolution of the Special Motion to Strike would directly undermine the fundamental purpose and intent of the anti-SLAPP statute by subjecting Defendant, who is appearing in propria persona and thus bears the direct financial and time costs of litigation, to the intrusive and costly burdens of litigation predicated entirely upon his protected conduct.

**PLEASE BE ADVISED THAT** this Motion to Stay Proceedings is based upon this Notice of Motion, the accompanying Declaration of Joseph Freeman in Support of Motion to Stay Proceedings, the Memorandum of Points and Authorities filed in support of Defendant's Special Motion to Strike, all pleadings, papers, and records on file in this action to date, and any oral argument that may be permitted by this Honorable Court at the time of the hearing on this Motion.

Respectfully submitted,

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

Dated: _____

_____

Joseph Freeman

Defendant, In Pro Per

**PROOF OF SERVICE**

I am over the age of 18 and not a party to this action. I reside in the County of Los Angeles, State

of California. My mailing address is:

freemanlegalteam@gmail.com
On April 7, 2025 I served the following documents:

- ○ Notice of Motion and Special Motion to Strike Under C.C.P. § 425.16

- ○ Memorandum of Points and Authorities

- ○ Declaration of Joseph Freeman

- ○ Proposed Order

- ○ Motion to Stay Proceedings

On the following party:

[Landlord's Name or Landlord's Attorney Name]

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**



☐ By mail: I placed the documents in a sealed envelope with postage fully prepaid and deposited them with the United States Postal Service.

☐ By personal delivery: I delivered the documents by hand to the recipient's address.

☐ By electronic service: (if agreed upon or ordered)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____, in _____, California.

_____

Joseph Freeman

**DEFENDANT JOSEPH FREEMAN'S MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**